# IN THE TEXAS COURT OF CRIMINAL APPEALS

63,775-16,118

RECEIVED IN
COURT OF CRIMINAL APPEALS
FEB 17 2015
Abel Acosta, Clerk

MOTION DENIED
DATE: 2-23-15
BY: DC

EX PARTE THOMAS W. FLORENCE, 10 CR1217-83-1
EX PARTE THOMAS W. FLORENCE, 10 CR1217-83
EX PARTE THOMAS W. FLORENCE, 10 CR1217-83
EX PARTE THOMAS W. FLORENCE, 10 CR1217-83

## MOTION TO COURT TO APPLY RULE 2 TO THIS SPECIFIC CAUSE(S)

COMES NOW PRO SE APPLICANT, THOMAS WAYNE FLORENCE, ILLEGALLY AND UNLAWFULLY, CONFINED AND RESTRAINED OF HIS LIBERTY IN WICHITA FALLS COUNTY TEXAS AT THE JAMES V. ALLRED UNIT 2101 FM 369 N. IOWA PARK TEXAS 76367 IN VIOLATION OF THE TEXAS CONSTITUTION AND (USCA) 4TH, 6TH, 8TH 14TH AND 5TH. SEE, (GIBSON v. STATE, 921 SW2d 747, 753 (TEX. APP. EL PASO 1996) SEE, ALSO IN RE BILLY RAY ALLEN 366 SW3d 696 (TEX. J. 2012) CITING, HERRERA, ELIZONDO, SCHUP, I.

SEE, T.R.C.P. RULE 2, ON A Party's Motion OR ON ITS OWN INITIATIVE AN APPELLATE COURT MAY — TO EXPEDITE A DECISION OR For Other Good Cause — SUSPEND A RULE'S OPERATION IN A Particular Case(s) AND ORDER A DIFFERENT PROCEDURE.

(1) APPLICANT THOMAS W. FLORENCE, TIMELY FILED 10-CR1217-83-1 PRIOR TO CONVICTION OCTOBER ___, 2010 WITH GALVESTON COUNTY DISTRICT CLERK, SEE, ART. 11.07 SEC. 2. SEE, 10 CR1217-83-3. WHERE THE STATE ADMITS THAT (MY FALSE ARREST AND IMPRESONMENT) 10 CR1217-83-1 ART. 11.07, WAS NOT SENT TO THIS COURT AS ART. 11.07 SEC 2, MANDATES.
SEE, NEWLY DISCOVERED EVIDENCE OF THE

APPLICANT'S ACTUAL INNOCENCE, SCLUP, HERR-ERA, ELIZONDO, SUPRA" FROM THE ALLEGE VICTIM DECEMBER 13, 2014, ATTACHED EXH. A1 ALSO RECENTLY FILED WITH THIS COURT.

SEE, LANDRUM V. STATE, 153 SW3d 635, 638 TEX. APP. AMARILLIA 2004), AN INSTRUMENT IS DEEMED FILED WHEN IT IS PLACED IN THE CUSTODY OR CONTROL OF THE CLERK.

SEE, STATES REPLY P. 2 10CR1217-83-3 ADMITS 10CR1217-83-1 WAS FILED.

(2) 10CR1217-83-2 WAS FILED DURING 01-16-00-822 CR APPEAL AND WAS REQUESTED RE-FILED AFTER FINAL 7-30-2013 JUDGMENT. SEE, Id. 638. SAID WRIT HAS NOT BEEN RULED ON, BY STATE COURTS SEE, ART.11.07 SEC.3.

SEE, ALLEN, SUPRA CITING CASES, SEE, MURRY V. CARRIER, 100 S. CT. 2639 (1986). THE CAUSE AND PREJUDICE STANDARD IS NOT A PER-FECT SAFEGUARD AGAINST FUNDMENTAL MISCARRIAGE OF JUSTICES. THIS RECONIZED A NARROW EXCEPT-ION TO THE CAUSE REQUIREMENT WHERE A CONSTIT-UTIONAL VIOLATION HAS PROBALY RESULTED IN THE CONVICTION OF ONE WHO IS ACTUALLY INNOCENT OF THE 2-26-27-2010 (JANUARY 9-25-2010) SUB-STANTIVE OFFENCE, Id. 2639 SCHLUP V. DELO, 115 S. CT. 851 (1995).

SEE, EXHIBIT A1 NEW EVIDENCE 12-13-14 FROM THE ALLEGE VICTIM WHO CONTINUES TO SHOW AND STATE THAT GPD NO. 2010-13986 POLICE REPORT AND APPLICANT USED (#2010-13980) TO CHARGE/ARREST INDICT (R.R. VOL. 5 of 9 P. 173-77) APPLICANT AND CONVICT AND SENTENCE APPLICANT IS FALSE AND POLICE AND PROSECUTORIAL MISCONDUCT IS CLEARLY

2

INVOLVED, SEE, JOSEPH V. COYLE, 469 F3d 441 (6TH CIR. 2006), U.S. V. SIPE, 388 F3d 471, 479 (5TH CIR 2004), SIMMONS V. BEARD, 590 F3d 223 (3RD CIR 2009), AGUILAR V. WOODFORD, 725 F3d 970 (9TH CIR. 2013), BRADY VIOLATIONS, SEE, ALSO 16.11 MORTON ACT AND SEN. BILL 825, PROSECUTORIAL ACCOUNTABILITY ACT.

* SEE, EXPARTE ADAMS, 768 SW2d 281, ~~288~~, 291 [4], 293 [9] (TEX. CRIM. APP. 1989) (EN BANC), WHEN DECEIT ON PART OF THE PROSECUTION PRODUCES COURT RULINGS (DENIAL OFF 7-29-2011 FRANKS SUPPRESS 10CR1217 R.R. '1-2 VOL' ILLEGAL AND UNLAWFUL CONVICTION AND DENIAL OF A FAIR CONSTITUTIONAL TRIAL (ART. 1, 04, TX. CONST. SEC 19) ~~RORN~~ (AND DENIAL OF 01-11-00822 CR APPEAL, AND DENIAL OF 10CR1217-83-2-4 ART. 11.07'S). THAT HAVE THE EFFECT OF DENYING A FAIR TRIAL (10CR1217) CONVICTION SHOULD BE VACATED, SEE Id. 294 CITING, EXPARTE BUSH, 166 TEX. CR. R. 259 313 SW2d 287 (1958). WE HAVE STATED THIS COURT HAS THE POWER AND AUTHORITY TO PREVENT THE ENFORCEMENT OF A SENTENCE JUDGMENT OF CONVICTION OBTAINED UNDER CIRCUMSTANCES WHICH CONSTITUTES A DENIAL OF DUE PROCESS. 10CR1217 OBTAINED WITH GALVESTON POLICE CHIEF REPORT NO. 2010-13986, CITING, OTHE PAUSE 2-19-2-27-2010 (#2010-12135, 2010-13714) REPORTS WAS USED TO VACATE APPLICANTS CONSTITUTIONAL RIGHTS NOT TO BE UNLAWFULLY ARRESTED AND IMPRISONED. ~~RELD~~ SCHLUP, HERRERA, ALLEN

3

SUPRA'S SEE, P'S 11 (B), 12 (G) (H), OR A GUIDE TO ART. 11.07 WRIT OF HABEAS CORPUS AND OTHER STATE WRITS, BY MICHAEL F. STAUFFACHER SUPERVISING, POST CONVICTION WRITS TEXAS COURT OF CRIMINAL APPEALS AUSTIN, STATE BAR OF TEXAS 35TH ANNUAL ADVANCED CRIMINAL LAW COURSE JULY 20-23, 2009 DALLAS CHAP. 18 B.

APPLICANT FLORENCE (PRO SE) WAS ENTITLED TO ART. 11.07 RELIEF IN HIS PRIOR WRITS SUPRA TO THIS COURT. SEE, P. 11(B), 12 (G)(H) SUPRA'S. NOW SEE, NEWLY OBTAINED EVIDENCE TO SUPPORT SAID WRITS (APPEAL 01-11-00822CR) EXHIBIT A1, 12-13-14, FROM Amber M. Gurrnelo. HERRERA, ELIZONDO, ALLEN, SCHUUR SUPRA'S

IN THE INSTANT CAUSE THE STATE VIOLATED THE U.S.C.A. 4TH, 5TH, 6TH, 8TH, 14TH, ART. 1.04. ART. 38.23 MUST BE ORDERED; SEE, ALSO WONG-SUN v. U.S. 371 U.S. 471, 484-487 (1963).
SEE, ALSO GIGLIO v. U.S. 405 U.S. 150 (1959) A DEFENDANT (EXH. A1) RIGHT TO DUE PROCESS. THE (STATE CONTINUES TO TURN BLIND EYE) ~~SEES~~ FAILURE TO CORRECT FALSE EVIDENCE.
SEE, ARIZONA v. FULMINATE, (111 S. CT. 1246) CITING BRECHT v. ALABAMA STRUCTURAL ERRORS. SUCH ERRORS ARE BLATANTLY PRESENT IN 1061217. RESPECTFULLY SUBMITTED 2-10-15 Thomas Scott

PRAYER: RULE 2 APPLIED OR ANY PROPER PROCEDURE OR REMEDY TO ORDER APPLICANT REMANDED BACK TO GALVESTON COUNTY, DISMISSAL OF INDICTMENT, NEW TRIAL, RELEASE ON PROPER BOND GRANT OR DENY

_____/_____2015 _____ 4

REQUEST FINDINGS / FACT, CONCLUSIONS OF LAW BE MADE.

## EXHIBIT A1
### AFFIDAVIT

My name is Ms. Amber Maries Guarnelo I am over 18 years of age and I swear my statement is true under penalty of perjury.

I was not found about one month pregnant on February 24 or 27 2010, as I've stated in my prior statement the police report that I've read the events are false.

I found out I was about one month pregnant was on February 14, 2010 when at the hospital. I was not found pregnant on February 24 or 27, 2010 at Ben Taub.
Mr. Garcia, Ms. Holly Johnson and Galveston Assistant District Attorney who harassed and threaten me. Ms. Rebecca Russell, Mr. Brandon Sims and the District Attorney that prosecuted Thomas Florence all knew I was no found pregnant on February 26 or 27, 2010 at Ben Taub, but February 14, 2010. The District Attorney's peoples were mad I refuse to lie for them on Thomas Florence and refuse to come to court on my own.

Ms. Holly Johnson came back to my house on January 19, 2011 to get my DNA after she had obtained Thomas and my baby's DNA on January 4, 2011.
I refuse to open the door for her to give her my DNA. She called my mother on the phone at work and told her I wouldn't open the door. Ms. Johnson told me if didn't open the door and give it to her she would have CPS take my child. Mr. Johnson, Mr. Garcia and the D.A. all knew that my child was born on October 22, 2010 by my mother. I did not call them as they stated and told them I had my baby.

I'm not a victim and I'm not a complaining witness on Thomas Florence as they stated.
I was told by the owner of the Children Center to color for the video in a coloring book. When we go in her and Ms. H. Johnson kept bugging me, but I kept refusing until they got on my nerves, telling me what I need to say and do. This video was done after I had my baby not before.
Thomas wife kept harassing my mother by phone and told us when my baby is born she was bringing her and Thomas daughter down to Galveston to give DNA. This was right before Thomas was setup by his wife to be arrested. I told him his wife was no good and was talking to Mr. Garcia and them. He did not believe me until it was days after when he was arrested.

I ask that my affidavit be given to the Courts and reviewed.

Thanks,

X _Amber Guarnelo_

X _Rey_ _[signature]_

12/13/14

REYNALDO MARTINEZ
My Commission Expires
November 12, 2017
NOTARY PUBLIC STATE OF TEXAS

EXHIBIT A1